UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAWRENCE WRIGHT**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HUGO BOSS FASHIONS, INC.**,<br><br>*Defendant*. | Civil Case No.:<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of Defendant, HUGO BOSS Fashions, Inc.'s ("Defendant"), practice of advertising via unsolicited text message marketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] Unwanted calls are the number one consumer complaint to the Commission.[2]

3. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr*

---
[1]. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).
[2]. *Rep. to Cong. on Caller Id Authentication Implementation Progress*, 2020 WL 7863050, at *1 (OHMSV Dec. 29, 2020)

*v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

4. Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to send telemarketing text messages to his cellular telephone number.

5. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

6. Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(c)(1) and (c)(2).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. The Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in this District and has targeted residents of this District with its telemarketing campaigns.

9. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

10. Mr. Wright is, and at all times mentioned herein was, a citizen and resident of Stroudsburg, Pennsylvania.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant HUGO BOSS Fashions, Inc. is, and at all times mentioned herein was, a Delaware corporation headquartered at 55 Water Street, 48th Floor, New York, NY 10041.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

14. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its products.

15. These text messages come from short code 44982.

16. These text messages include advertisements and links that when clicked direct the user's cellular telephone internet browser application to the website www.hugoboss.com.

17. The links included in the text messages use the domain "txts.ly".

18. The "txts.ly" domain is associated with a software platform used to send text messages called Wunderkind.

19. Because these text messages advertise Defendant's products, they constitute telemarketing messages and telephone solicitations.

## PLAINTIFF WRIGHT'S FACTUAL ALLEGATIONS

20. Plaintiff Wright is the sole and customary user of cellular telephone number (223)-XXX-5566.

21. The area code 223 is an area code assigned for use in the Commonwealth of Pennsylvania.

22. Plaintiff Wright's cellular telephone number, (223)-XXX-5566, is a personal telephone number and is used for residential purposes.

23. Plaintiff Wright placed his cellular telephone number, (223)-XXX-5566, on the National Do-Not-Call Registry on May 18, 2023.

24. On July 19, 2023, Plaintiff began receiving telemarketing text messages from Defendant.

25. Each of these text messages came from short code 44982.

26. Each of these text messages included advertisements and links that when clicked direct the user's cellular telephone internet browser application to the website www.hugoboss.com.

27. Defendant has sent Plaintiff more than 100 unsolicited text messages since July 19, 2023.

28. Defendant sent a number of these messages to Plaintiff in the middle of

the night.

29. For example, as shown below, Defendant sent Plaintiff messages on January 19, 2023 at 1:01 AM and 1:12 AM EST:



30. Plaintiff did not sign up for these messages.

31. Defendant also sent Plaintiff messages on July 20, 2023 at 1:13 AM and November 13, 2023 at 2:05 AM.





32. Defendant knew that it was texting Plaintiff in the middle of the night.

33. Defendant knew, or reasonably should have known, that the area code 223 is an area code assigned for use in the Commonwealth of Pennsylvania, which is on Eastern Time.

34. Mr. Wright never provided prior express written consent (or any consent) to Defendant for these text messages.

35. Mr. Wright never provided his telephone number to Defendant.

36. Defendant's violations were, at a minimum, negligent.

37. Alternatively, Defendant's violations were willful and knowing

because Defendant knew that Plaintiff's telephone number was registered on the national DNC list.

38. Mr. Wright and the classes were damaged by the violations alleged herein. In addition to using their cellular data, storage, and battery life, they suffered an invasion of privacy, aggravation, annoyance, frustration, distraction, intrusion upon seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls and text messages. Their privacy was improperly invaded, Defendant's text messages temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities, including work, family, and personal activities, to address the unwanted text messages. Defendant's text messages were annoying and a nuisance, and wasted the time of Mr. Wright and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

39. Because Plaintiff and Class Members received unsolicited text messages from, or on behalf of, Defendant on their DNC registered numbers, it demonstrates the need for judicial intervention and injunctive relief to enjoin any continued and future harm.

## DEFENDANT'S LIABILITY

40. The TCPA prohibits making multiple telephone solicitation calls[3] to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

41. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

42. A listing on the National Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

43. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

44. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

---

[3] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003). Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages. *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016).

45. In addition, the TCPA prohibits initiating telephone solicitations "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

46. Defendant repeatedly violated this rule by placing telephone solicitations to Mr. Wright between the hours of 9:00 p.m. and 8:00 a.m. local time.

47. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

48. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Time Class" (together, "the Classes") as defined as follows:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's products (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.

> (the "DNC Class")

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00pm and 8:00am local time, (4) for the purpose of encouraging the purchase of Defendant's products (5) in a 12-month period.

(the "Time Class").

50. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

51. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

52. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its text messages;

   b. The telephone numbers to which Defendant placed its text messages;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such text messages;

   e. The names and addresses of Class members.

53. The Classes are comprised of hundreds, if not thousands, of individuals.

54. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether Defendant sends telemarketing text messages or has them sent on its behalf;

b. Whether Defendant obtains prior express written consent;

c. Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

55. Plaintiff is a member of the Classes in that Defendant placed two or more texts for telemarketing purposes in a one-year period to her telephone number when her telephone number was on the National Do-Not-Call Registry, and certain of the text messages were received after 9:00pm and before 8:00am.

56. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

57. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the

Classes spent time tending to Defendant's unwanted text messages, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

58.  Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

59.  Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

60.  Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

61.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

62.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

63.  Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and DNC Class)

64.  Plaintiff and the proposed DNC Class incorporate the foregoing allegations as if fully set forth herein.

65. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and DNC Class Members' telephone numbers.

66. Plaintiff's and DNC Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

67. Plaintiff and DNC Class Members each received two or more such text messages in a 12-month period.

68. Plaintiff and DNC Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiff and DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(1)
### (On Behalf of Plaintiff and the Time Class)

70. Plaintiff and the proposed Time Class incorporate the foregoing allegations as if fully set forth herein.

71. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and Time Class Members' telephone numbers.

72. Plaintiff and Time Class Members each received two or more such text messages in a 12-month period.

73.     Plaintiff and Time Class Members each received a message after 9:00 p.m. but before 8:00 a.m.

74.     Plaintiff and Time Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

75.     Plaintiff and Time Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C.      An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E.      An award of statutory damages;

    F.    An award of treble damages;

    G.    An award of reasonable attorneys' fees and costs; and

    H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated:     April 1, 2024

*s/ Max S. Morgan*
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com