## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE WRIGHT, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 3:24-CV-00544-KM |
| Plaintiff, | ) ) ) | JUDGE: Hon. Karoline Mehalchick |
| vs. | ) ) | |
| HUGO BOSS FASHIONS, INC., | ) ) | **DEFENDANT'S ANSWER TO THE COMPLAINT** |
| Defendant. | ) ) | |

Defendant Hugo Boss Fashions, Inc. ("Hugo Boss") states as follows for its Answer to Plaintiff Lawrence Wright's ("Wright") Complaint:

## INTRODUCTION

1.      Hugo Boss admits that the Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that it violated the TCPA based on the allegations contained in Paragraph No. 1 of the Complaint.

2.      Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint and, on that basis, denies those allegations.

3.      Paragraph No. 3 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss admits that the text of the cited case speaks for itself and Hugo

1

Boss is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint and, on that basis, denies those allegations.

4.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint as to whether Plaintiff has done business with Hugo Boss. Hugo Boss denies the remaining allegations contained in Paragraph No. 4 of the Complaint.

5.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint and, on that basis, denies those allegations.

6.    Paragraph No. 6 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent a response is required, Hugo Boss admits that Plaintiff's Complaint alleges violation of the TCPA and seeks to represent a putative class, but denies that it violated the TCPA, denies that class certification is appropriate, and otherwise denies the remaining allegations contained in Paragraph No. 6 of the Complaint.

## **JURISDICTION AND VENUE**

7.    Hugo Boss admits the allegations contained in Paragraph No. 7 of the Complaint.

8.      Paragraph No. 8 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations contained in Paragraph No. 8 of the Complaint.

9.      Paragraph No. 9 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations contained in Paragraph No. 9 of the Complaint.

## PARTIES

10.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint and, on that basis, denies those allegations.

11.     Hugo Boss admits the allegations contained in Paragraph No. 11 of the Complaint.

12.     Hugo Boss admits the allegations contained in Paragraph No. 12 of the Complaint.

13.     Hugo Boss admits the allegations contained in Paragraph No. 13 of the Complaint.

## **GENERAL FACTUAL ALLEGATIONS**

14.     Hugo Boss admits that, at certain times, it may send text messages to individuals who provide prior express written consent and/or prior express consent to receive text messages from Hugo Boss, and denies the remaining allegations contained in Paragraph No. 14 of the Complaint.

15.     Hugo Boss admits the allegations contained in Paragraph No. 15 of the Complaint.

16.     Hugo Boss admits the allegations contained in Paragraph No. 16 of the Complaint.

17.     Hugo Boss admits the allegations contained in Paragraph No. 17 of the Complaint.

18.     Hugo Boss admits the allegations contained in Paragraph No. 18 of the Complaint.

19.     Paragraph No. 19 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations contained in Paragraph No. 19 of the Complaint.

## <u>PLAINTIFF WRIGHT'S FACTUAL ALLEGATIONS</u>

20.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the Complaint and, on that basis, denies those allegations.

21.    Hugo Boss admits the allegations contained in Paragraph No. 21 of the Complaint.

22.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Complaint and, on that basis, denies those allegations.

23.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of the Complaint and, on that basis, denies those allegations.

24.    Hugo Boss admits that on July 19, 2023, it began to send certain text messages to the telephone number ending in -5566 after obtaining appropriate consent to do so, and denies the remaining allegations contained in Paragraph No. 24 of the Complaint.

25.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the Complaint and, on that basis, denies those allegations.

26.    Hugo Boss denies the allegations contained in Paragraph No. 26 of the Complaint.

27.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 of the Complaint and, on that basis, denies those allegations.

28.    Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Complaint and, on that basis, denies those allegations.

29.    Hugo Boss admits that the screenshot in Paragraph No. 29 is an accurate copy of certain text messages, but denies that it had a pattern or practice of sending text messages in the "middle of the night," as the timing of the represented text messages reflect that they were sent in response to a near in time request for such messages. Huge Boss denies the remaining allegations contained in Paragraph No. 29 of the Complaint.

30.    Hugo Boss denies the allegations contained in Paragraph No. 30 of the Complaint.

31.    Hugo Boss admits that the screenshot in Paragraph No. 31 is an accurate copy of certain text messages, but denies that it had a pattern or practice of sending text messages in the "middle of the night," as the timing of the represented text messages reflect that they were sent in response to a near in time request for such

messages. Huge Boss denies the remaining allegations contained in Paragraph No. 31 of the Complaint.

32.     Hugo Boss denies the allegations contained in Paragraph No. 32 of the Complaint.

33.     Hugo Boss denies the allegations contained in Paragraph No. 33 of the Complaint.

34.     Hugo Boss denies the allegations contained in Paragraph No. 34 of the Complaint.

35.     Hugo Boss denies the allegations contained in Paragraph No. 35 of the Complaint.

36.     Paragraph No. 36 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

37.     Paragraph No. 37 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

38.     Paragraph No. 38 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

39.     Paragraph No. 39 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

## DEFENDANT'S LIABILITY

40.     Paragraph No. 40 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that the TCPA speaks for itself.

41.     Paragraph No. 41 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that 47 C.F.R. § 64.1200(c)(2) speaks for itself.

42.     Paragraph No. 42 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that 47 C.F.R. § 64.1200(c)(2) speaks for itself.

43.     Paragraph No. 43 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) speaks for themselves.

44.     Hugo Boss denies the allegations contained in Paragraph No. 44 of the Complaint.

45.     Paragraph No. 45 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that 47 C.F.R. § 64.1200(c)(1) speaks for itself.

46.     Hugo Boss denies the allegations contained in Paragraph No. 46 of the Complaint.

47.     Paragraph No. 47 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss states that 47 C.F.R. § 64.1200(c) speaks for itself and that Wright is not entitled to any relief.

48.     Paragraph No. 48 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies that Wright is entitled to any relief.

## CLASS ACTION ALLEGATIONS

49.     Paragraph No. 49 of the Complaint alleges legal conclusions and characterizations to which no response is required.

50.     Paragraph No. 50 of the Complaint alleges legal conclusions and characterizations to which no response is required.

51.     Paragraph No. 51 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

52.     Paragraph No. 52 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

53.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint and, on that basis, denies those allegations.

54.     Paragraph No. 54 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

55.     Paragraph No. 55 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

56.     Paragraph No. 56 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

57.     Paragraph No. 57 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

58.     Paragraph No. 58 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is

required, Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

59.    Paragraph No. 59 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

60.    Paragraph No. 60 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

61.    Paragraph No. 61 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

62.    Paragraph No. 62 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss denies the allegations.

63.    Paragraph No. 57 of the Complaint alleges legal conclusions and characterizations to which no response is required. To the extent that a response is required, Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and DNC Class)**

64.     Hugo Boss incorporates and reasserts its responses to Paragraphs 1-63 of the Complaint as if they were fully set forth herein.

65.      Hugo Boss denies the allegations contained in Paragraph No. 65 of the Complaint.

66.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 66 of the Complaint and, on that basis, denies those allegations.

67.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 67 of the Complaint and, on that basis, denies those allegations.

68.     Hugo Boss denies that Wright or any putative class members are entitled to any relief.

69.     Hugo Boss denies that Wright or any putative class members are entitled to any relief.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(1)**
**(On Behalf of Plaintiff and the Time Class)**

70.     Hugo Boss incorporates and reasserts its responses to Paragraphs 1-63 of the Complaint as if they were fully set forth herein.

71.     Hugo Boss denies the allegations contained in Paragraph No. 71 of the Complaint.

72.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 72 of the Complaint and, on that basis, denies those allegations.

73.     Hugo Boss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 73 of the Complaint and, on that basis, denies those allegations.

74.     Hugo Boss denies that Wright or any putative class members are entitled to any relief.

75.     Hugo Boss denies that Wright or any putative class members are entitled to any relief.

76.     Hugo Boss denies all remaining allegations contained in the Complaint that are not expressly admitted in this Answer.

## **PRAYER FOR RELIEF**

Hugo Boss denies that Wright or any putative class members are entitled to any of the relief requested in the Prayer for Relief of Wright's Complaint.

## **AFFIRMATIVE DEFENSES**

Hugo Boss asserts the following affirmative defenses against Wright and all putative class members:

## FIRST AFFIRMATIVE DEFENSE
### *Prior Express Consent, Prior Express Written Consent, Invitation, or Permission*

The claims raised in the Complaint are barred to the extent that prior express consent, prior express written consent, invitation, or permission was given for Hugo Boss to take any acts alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### *Reasonable Reliance*

The claims raised in the Complaint are barred because Hugo Boss reasonably relied on prior express consent, invitation, or permission to take the acts alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### *Ineffective Revocation of Consent*

The claims raised in the Complaint are barred to the extent that Wright or any putative class member failed to use a reasonable method to revoke consent.

## FOURTH AFFIRMATIVE DEFENSE
### *Lack of Article III Standing*

Wright and any putative class members lack Article III standing because they have not suffered an injury-in-fact.

## FIFTH AFFIRMATIVE DEFENSE
### *Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations*

The claims raised in the Complaint are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, waiver, consent, and other equitable limitations,

to the extent Wright and any putative class members intentionally invited the harm for which they now complain.

## SIXTH AFFIRMATIVE DEFENSE
### *Violation of the Fifth, Eighth and Fourteenth Amendments*

The statutory damages provision of the TCPA violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution and the Eighth Amendment.

## SEVENTH AFFIRMATIVE DEFENSE
### *Reasonable Practices*

The claims raised in the Complaint under the TCPA are barred because Hugo Boss has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitation in violation of 47 U.S.C. §§ 227(c)(5).

## EIGHTH AFFIRMATIVE DEFENSE
### *Established Business Relationship / Business Contact*

The claims raised in the Complaint are barred, in whole or in part, owing to an established business relationship between the parties, a business contact between the parties within the past 180 days prior to the text messages at issue, and/or an inquiry made within 90 days preceding the text messages at issue.

## RESERVATION OF AFFIRMATIVE DEFENSES

Hugo Boss reserves all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, which may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Hugo Boss respectfully requests that the Court:

1.      Deny Wright's requested relief and any other relief to Wright and any putative class members;

2.      Dismiss the Complaint with prejudice and enter judgment in favor of Hugo Boss;

3.      Award Hugo Boss its attorneys' fees and costs incurred in defending this action; and

4.      Award Hugo Boss such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Hugo Boss demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated:  July 1, 2024                    *s/ Noelle B. Torrice*

_____

NOELLE B. TORRICE (317928)
**BENESCH, FRIEDLANDER,**
   **COPLAN & ARONOFF LLP**
1313 N. Market St., Suite 1201
Wilmington, DE 19801
Telephone:  302.442.7010
Facsimile:  302.442.7012
Email: ntorrice@beneschlaw.com


DAVID M. KRUEGER (0085072)
(Pro Hac Vice Forthcoming)
**BENESCH, FRIEDLANDER,**
   **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dkrueger@beneschlaw.com


STEPHANIE SHERIDAN (CA 135910)
(Pro Hac Vice Forthcoming)
**Benesch, Friedlander, Coplan &**
**Aronoff LLP**
100 Pine Street, Suite 3100
San Fransisco, CA 94111
Telephone:  628.600.2250
Facsimile:  628.221.5828
Email: ssheridan@beneschlaw.com


*Attorneys for Defendant HUGO BOSS*
*FASHIONS, INC.*

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendant certifies that the foregoing Answer was electronically served on all parties in this matter in accordance with LR 5.7 via the Court's ECF system.

Respectfully submitted,

*s/ Noelle B. Torrice*

NOELLE B. TORRICE (317928)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
1313 N. Market St., Suite 1201
Wilmington, DE 19801
Telephone:  302.442.7010
Facsimile:  302.442.7012
Email: ntorrice@beneschlaw.com


DAVID M. KRUEGER (0085072)
(Pro Hac Vice Forthcoming)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dkrueger@beneschlaw.com

STEPHANIE SHERIDAN (CA 135910)
(Pro Hac Vice Forthcoming)
**Benesch, Friedlander, Coplan &
Aronoff LLP**
100 Pine Street, Suite 3100
San Fransisco, CA 94111
Telephone:  628.600.2250
Facsimile:  628.221.5828
Email: ssheridan@beneschlaw.com

*Attorneys for Defendant HUGO BOSS
FASHIONS, INC.*